UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOSEPH GIGLIOTTI,

        Plaintiff,                      Case No. 2:25-cv-126

v.                                      Honorable Robert J. Jonker

UNKNOWN ALLEN et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.**     **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. The events

about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues Sergeant Unknown Allen and Corrections Officer Unknown Velmer.

Plaintiff alleges that while he was housed at MBP on January 27, 2025, he was sent to segregation, and his property was left in his cell for approximately one week. (ECF No. 1, PageID.3.) Plaintiff states that his television was in good condition, but when he got it back there was a crack running across the screen. (*Id.*) Plaintiff claims that Defendant Velmer, with whom he had had problems in the past, deliberately damaged his television in order to retaliate against him. (*Id.*) Plaintiff also states that Defendant Allen took his glasses while conducting a strip search of Plaintiff's person on January 27, 2025, and never returned them. (*Id.*) Plaintiff states that the television cost $189 and that his glasses cost $30 to replace. (*Id.*) Plaintiff filed a grievance about the matter, and it "was answered however staff didn't respond to [Plaintiff's] request for [a] step II appeal." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that his rights under the First and Fourteenth Amendments were violated.[1] (*Id.*) Plaintiff seeks $75,000.00 in damages.

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

---

[1] Plaintiff also references the Eighth Amendment and "cruel and unusual punishment/failure to protect"; however, Plaintiff fails to allege any facts to suggest that Defendants' conduct constituted deliberate indifference in violation of the Eighth Amendment. (ECF No. 1, PageID.3.) Therefore, any intended Eighth Amendment claims against Defendants will be dismissed for failure to state a claim.

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Fourteenth Amendment Due Process Claims

Plaintiff's Fourteenth Amendment due process claims regarding the confiscation of his glasses and the damage to his television are barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person

3

deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him, and the Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's Fourteenth Amendment due process claims will be dismissed for failure to state a claim.

    **B.**    **First Amendment Retaliation Claims**

Plaintiff claims that Defendants retaliated against him. (ECF No. 1, PageID.3.) Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of

ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's claim that Defendants were motivated by a desire to retaliate against him for exercising his constitutional rights is entirely conclusory. Plaintiff makes a conclusory assertion that Defendant Velmer damaged his television while he was in segregation. (ECF No. 1, PageID.3.) Plaintiff also alleges that Defendant Allen confiscated Plaintiff's glasses and never returned them. (*Id.*) However, Plaintiff's retaliation claims fail at the first step because Plaintiff fails to allege any facts showing that he had engaged in protected conduct prior to his interactions with Defendants. Moreover, with respect to Defendant Velmer, Plaintiff does not even allege facts showing how he knew that Defendant Velmer, rather than some other individual, had damaged his television.

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts [are] not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations

5

omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))). Plaintiff merely alleges the ultimate fact of retaliation in this action, and he has not presented any facts to support his conclusory assertion that Defendants retaliated against him. Accordingly, Plaintiff's First Amendment retaliation claims will be dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the applicable appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

A judgment consistent with this opinion will be entered.

Dated: June 26, 2025                                  /s/ Robert J. Jonker
                                                      Robert J. Jonker
                                                      United States District Judge